# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) AR15.COM LLC, | ) |
|        Plaintiff, | ) |
| v. | ) Case No. CIV-  16-1479-R |
| 1) Gregory Paul Cook and<br>2) GC CUSTOMS, LLC | ) |
| | ) JURY TRIAL DEMANDED |
|        Defendants. | ) |

## COMPLAINT

Plaintiff AR15.Com, LLC ("AR15") files this suit for unfair competition, trademark infringement, and dilution against Gregory Paul Cook ("Cook") and GC Customs, LLC ("GCC") (collectively, "the defendants").

### Parties

1. Plaintiff AR15.Com LLC is a Delaware limited liability company with its principal place of business located in Rockwall, Texas.

2. Upon information and belief, Defendant Gregory Paul Cook is an individual residing at 208 Kristy Dr., Edmond, OK 73003.

3. Defendant GC Customs, LLC is an Oklahoma limited liability company, located at 820 W. Danforth Rd. #B-11, Edmond, OK.

**Jurisdiction**

4.  The court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a), 1338(b), and the doctrine of pendent jurisdiction.

**General Allegations**

5.  Since at least as early as October 9, 2006, AR15 has used a logo, which can be described as an AR-15 bolt face logo (the "bolt face logo") as a trademark for the following items that it has offered for sale to the public:  athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, and athletic uniforms; baseball caps and hats; belts; body shirts; button down shirts; camouflage pants; camouflage shirts; capri pants; cargo pants; clothing, namely, khakis; hats; hunting pants; hunting shirts; jackets; long-sleeved shirts; pants; shirts; shirts and short-sleeved shirts; short-sleeved or long-sleeved t-shirts; sport shirts; sports caps and hats; and ties.

6.  Since at least as early as October 30, 2006, AR15 has used that same bolt face logo as a trademark for the following items that it has offered for sale to the public:  appliqués in the form of decals; decals; decorative decals for vehicle windows; flags and pennants of paper; and magnetic bumper stickers.

7.  Since at least as early as January 1, 2007, AR15 has used that same bolt face logo as a trademark for the following items that it has offered for sale to the public:  firearms; firearm sights; silencers for firearms; cases for firearms; covers for firearms; pouches; namely, shot pouches and cartridge pouches; belts

2

for military equipment; shell belts; woven belts for military equipment; component parts for pistols; rifles and shotguns; firearm hand guards; gun barrels; gun mounts; gun stocks; magazines for weapons; and ammunition.

8. Since at least as early as December 31, 2008, AR15 has used that same bolt face logo as a trademark for the following items that it has offered for sale to the public:  Collectible coins; Commemorative coins; Key chains as jewelry; Lapel pins; Non-monetary coins; Ornamental lapel pins; Ornamental pins; Pins being jewelry; Souvenir pressed coins; and Tie pins.

9. Since at least as early as December 31, 2008, AR15 has used that same bolt face logo as a trademark for the following services that it has offered for sale to the public:  Conducting entertainment exhibitions in the nature of gun shows; Organization of cultural shows; and Organization of shows for cultural purposes

10. Since at least as early as January 2, 2010, AR15 has used that same bolt face logo as a service mark for retail store services, selling ammunition, clothing, hats, eyewear, coins and poker chips, drinkware, housewares, key chains, dog tags, patches, stickers, vehicle accessories, knives, multitaskers, handguns, handgun parts and accessories, magazines for containing ammunition, rifles, shotguns, parts and accessories for rifles and shotguns, optics and lasers for firearms, safes, vaults, bags, stands, flashlights, firearm cases, hearing protection, survival gear, shooting mats, packs, and gearslingers.

11. The bolt face logo is shown below.  It has acquired widespread fame and public recognition in the United States and abroad as designating AR15's products.



12. On July 8, 2008, AR15 received federal Registration No. 3,461,149 for the bolt face logo mark, as a trademark for firearms; firearm sights; silencers for firearms; cases for firearms; covers for firearms; pouches; namely, shot pouches and cartridge pouches; belts for military equipment; shell belts; woven belts for military equipment; component parts for pistols; rifles and shotguns; firearm hand guards; gun barrels; gun mounts; gun stocks; magazines for weapons; and ammunition.  That registration is presently in force.

13. On July 10, 2012, AR15 received federal Registration No. 4,170,316 for that same bolt face logo mark as a trademark for appliqués in the form of decals; decals; decorative decals for vehicle windows; flags and pennants of paper; and magnetic bumper stickers, and as a trademark for athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, and athletic uniforms; baseball caps and hats; belts; body shirts; button down shirts; camouflage pants; camouflage shirts; capri pants; cargo pants; clothing, namely, khakis; hats; hunting pants; hunting shirts; jackets; long-sleeved shirts; pants; shirts; shirts and

short-sleeved shirts; short-sleeved or long-sleeved t-shirts; sport shirts; sports caps and hats; and ties.   That registration is presently in force.

14.   On June 16, 2015, AR15 received federal Registration No. 4,755,204 for that same bolt face logo mark as a trademark for retail store services.   That registration is presently in force.   *See* Exhibit 1, a copy of that registration.

15.   On April 19, 2016, AR15 received federal Registration No. 4,942,800 for that same bolt face logo mark as a trademark for Collectible coins; Commemorative coins; Key chains as jewelry; Key chains as jewelry; Lapel pins; Non-monetary coins; Ornamental lapel pins; Ornamental pins; Pins being jewelry; Souvenir pressed coins; and Tie pins.   That registration is presently in force.

16.   On April 19, 2016, AR15 received federal Registration No. 4,942,804 for that same bolt face logo mark as a trademark for Conducting entertainment exhibitions in the nature of gun shows; Organization of cultural shows; and Organization of shows for cultural purposes.   That registration is presently in force.

17.   These registrations constitute prima facie evidence of AR15's exclusive right, in the United States, to use the bolt face logo mark for the products and services listed in those registrations.

18.    After AR15's mark was famous, in 2015 the defendants copied, modified, and began using AR15's registered trademark, as shown below:



19.    The defendants' website is at http://gccustoms.com/, where they use AR15's modified logo to sell firearms (see the attached Exhibit 2, showing screenshots of their website).

20.    The defendants have also combined AR15's famous registered trademark with the name of Cook's company, GC Customs, and are also using that combination on their website, as shown in the attached Exhibit 2.

21.    On August 2, 2016, GCC improperly obtained U.S. Registration No. 5,063,903, for its modified version of AR15's famous logo.

22.    Because AR15 had been famous for almost ten years within the community of those who buy and sell guns, BEFORE the defendants decided to start using AR15's logo, the defendants were obviously aware that AR15 uses its famous registered trademark in connection with its goods and services listed above, and, in particular, on AR15's website.

23.    However, the defendants knowingly began using AR15's famous registered trademark to offer retail store services via their website.

24. Therefore, the defendants' continued infringement of AR15's rights is willful and deliberate.

### Count I
### Federal Trademark Infringement

25. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 24.

26. The defendants' mark is confusingly similar to AR15's famous registered trademark.

27. The defendants' use of the mark constitutes trademark infringement in violation of 15 U.S.C. § 1114.

28. AR15's federal registrations on the Principal Register for its bolt face logo are conclusive evidence of AR15's exclusive right to use the mark pursuant to 15 U.S.C. § 1115.

29. The defendants' unauthorized use of AR15's famous registered trademark, as set forth above, is likely to cause confusion as to their affiliation with AR15, or with AR15's products and services, or alternatively, destroy the origin-identifying function of the bolt face logo. The defendants' actions constitute trademark infringement in violation of 15 U.S.C. § 1114.

30. As a proximate result of the defendants' actions, AR15 has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its trademark. The injury to AR15 is and continues to

be ongoing and irreparable. An award of monetary damages alone cannot fully compensate AR15 for its injuries and AR15 lacks an adequate remedy at law.

31. The acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

32. Unless enjoined, the defendants will continue their infringing activities, resulting in irreparable injury to AR15, for which AR15 has no adequate remedy at law.

## Count II
## Unfair Competition, False Designation of Origin, Passing Off and False Advertising

33. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 24.

34. AR15's famous registered trademark, as used by AR15, is distinctive and has become associated with AR15 and thus exclusively identifies AR15's business and products.

35. The defendants' unauthorized uses of AR15's famous registered trademark constitute a misleading representation, or false advertising, in violation of 15 U.S.C. § 1125(a). Alternatively, the defendants' wrongful use of their infringing mark will cause patrons to believe that AR15's famous registered trademark is generic, thus destroying the goodwill and value AR15 has built with its mark.

36. Unless enjoined, the defendants will continue their unauthorized use of AR15's registered trademark, resulting in a continuing likelihood of confusion and irreparable injury to AR15, for which AR15 has no adequate remedy at law.

### Count III
### Dilution of Famous Mark

37. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 24.

38. AR15's bolt face logo is a famous trademark within the meaning of 15 U.S.C. § 1125(c).

39. The defendants' use of AR15's famous registered trademark to offer their retail store services and on their website and Facebook page dilutes and is likely to dilute AR15's famous registered trademark through blurring, in violation of 15 U.S.C. § 1125(c).

40. The defendants' actions, as alleged above, constitute injury to and dilution of AR15's registered trademark, under 15 U.S.C. § 1125(c).

41. Unless enjoined, the defendants will continue their infringing activities, resulting in irreparable injury to AR15, for which AR15 has no adequate remedy at law.

### Count IV
### Oklahoma Deceptive Trade Practices Act

42. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 24.

43. The defendants' actions, as alleged above, constitute a violation of 78 Okla. Stat. § 53, the Oklahoma Deceptive Trade Practices Act, for the knowing and false representation as to sponsorship, approval, affiliation, connection, association with or certification by plaintiff and efforts to pass off defendants' services as those of AR15, to pass off AR15's services as those of defendants, and to trade on AR15's goodwill.

44. The defendants' actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with AR15's bolt face logo or to cause dilution of the mark, to the great and irreparable injury of AR15. Unless enjoined, the defendants will continue their infringing activities, resulting in irreparable injury to AR15, for which AR15 has no adequate remedy at law.

45. As a result of defendants' unlawful conduct, AR15 has been damaged, and is entitled to recover its attorneys' fees pursuant to 78 Okla. Stat. § 54.

### Count V
### Common Law Trademark Infringement and Unfair Competition

46. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 24.

47. The defendants' actions, as alleged above, constitute common law trademark infringement and unfair competition under Oklahoma law, and have created and will continue to create a likelihood of confusion to the irreparable injury of AR15.

48. On information and belief, the defendants acted with full knowledge of AR15's use of and statutory and common law rights to the bolt face logo and without regard to the likelihood of confusion of the public created by the defendants' activities.

49. The defendants' actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with AR15's mark to the great and irreparable injury to AR15.

50. Unless enjoined, the defendants will continue their infringing activities, resulting in irreparable injury to AR15, for which AR15 has no adequate remedy at law.

## **Prayer for Relief**

AR15 prays for the following relief:

A. That this Court issue an order, pursuant to 15 U.S.C. § 1119, to cancel defendant A&G's registration No. 5,063,903, and order the Clerk of the Court to provide a certified copy of the judgment, issued pursuant to this Court's ruling, to the Director of the U.S. Patent and Trademark Office for appropriate cancellation of the registration number;

B. That defendants and their agents and employees, and all others in concert or participation with them, be preliminarily and permanently enjoined from using AR15's registered trademark (a) to offer retail store services, whether online or in a "brick-and-mortar" store, and (b) to sell any products or services;

  C. That defendants be ordered, pursuant to 15 U.S.C. § 1118, to deliver up for destruction all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, stationery, and any other items in their possession or control which contain the infringing logo, either alone or in combination with other words or symbols, and that defendants be ordered to deliver up for destruction all plates, molds, matrices, masters, and other means of making any of the infringing items;

  D. That defendants be ordered to file with the Court and to serve on AR15, within thirty (30) days after the entry of an injunction, a report in writing under oath setting forth in detail the manner and form in which defendants have complied with the injunction;

  E. That AR15 be awarded its damages, defendants' profits, trebling of all damages and profits awarded, costs of suit, and attorneys' fees; and

  F. That AR15 have such further relief to which it may be entitled.

JURY DEMAND

AR15 hereby demands a jury trial on all claims that may be tried before a jury.

Dated:   December 29, 2016

                Respectfully submitted,

                **CUTTER LAW FIRM, PLC**

                /s/ Andrea Treiber Cutter
                Andrea Treiber Cutter, OBA # 21444
                320 S. Boston Avenue, Suite 1030
                Tulsa, Oklahoma 74103
                (918) 582-0055 (Phone)
                (918) 584-1492 (Facsimile)
                Email: acutter@cutterlawfirm.com

                ***ATTORNEYS FOR PLAINTIFF***